Surisa E. Rivers (SBN 250868)
Caroleen Torossian (SBN 334792)
RIVERS LAW, INC., APC
2600 Foothill Blvd., Ste. 203
La Crescenta, California 91214
Tel: (818) 330-7012
Fax: (213) 402-6077
surisa@riverslawinc.com; caroleen@riverslawinc.com
Attorneys for Plaintiff

STEPHEN M. HARBER, STATE BAR #119830
AMY ARSENEAUX EVENSTAD, STATE BAR #305828
McCUNE & HARBER, LLP
515 South Figueroa Street, Suite 1100
Los Angeles, California 90071
Telephone: (213) 689-2500
Facsimile: (213) 689-2501
sharber@mccuneharber.com; aevenstad@mccuneharber.com
Attorneys for Defendants

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| L.L., a minor, by and through her guardian ad litem, D.L., <br><br> Plaintiff, <br><br> v. <br><br> KEPPEL UNION SCHOOL DISTRICT, et al.; JACQUELINE A. CARDENAS, INTERIM SUPERINTENDENT OF THE KEPPEL UNION SCHOOL DISTRICT, in her official capacity; ANGELA HEITMAN, and DOES 1 TO 10, inclusive. <br><br> Defendants. | Case No.: 2:20-CV-06990-DMG-JPR <br><br> Assigned to Hon. Dolly M. Gee <br> Magistrate Judge: Jean P. Rosenbluth <br><br> **DISCOVERY MATTER** <br><br> **STIPULATED PROTECTIVE ORDER** |

1. INTRODUCTION

    1.1 PURPOSES AND LIMITATIONS

    Disclosure and discovery activity in this action is likely to involve production of such confidential, proprietary, or private information, which warrants special

STIPULATED PROTECTIVE ORDER
-1-

protection from public disclosure and use for any purpose other than prosecuting this litigation.

Accordingly, Plaintiff and Defendants (collectively, "the Parties") hereby stipulate to and petition the Court to enter the following Stipulated Protective Order. The Parties acknowledge that this Order does not confer blanket protections on all disclosures or responses to discovery and that the protection it affords from public disclosure and use extends only to the limited information or items that are entitled to confidential treatment under the applicable legal principles. The Parties further acknowledge, as set forth in Section 12.3 below, that this Order does not entitle them to file Confidential Information under seal; Civil Local Rule 79-5 sets forth the procedures that must be followed and the standards that will be applied when a Party seeks permission from the Court to file material under seal.

### 1.2 GOOD CAUSE STATEMENT

Plaintiff L.L. ("Plaintiff"), a student within the Keppel Union School District ("KUSD") alleges that she has a diagnosis of equinovarus acquire deformity and a learning disability, and alleges, among other things, that Defendants KUSD, Defendant Jacqueline A. Cardenas ("Cardenas"), and former teacher, Defendant Angela Heitman ("Heitman") (referred to collectively as "Defendants") have violated the Americans with Disabilities Act, the Rehabilitation Act, the Unruh Civil Rights Act, and 42 U.S.C. § 1983 by, among other things, failing to accommodate her because of her disability and physically abusing her. Defendants have not yet answered the operative complaint, as the parties are awaiting a ruling on Defendants' Motion to Dismiss.

Plaintiff anticipates that, in the course of discovery and in support of Plaintiff's claims and defenses, the Parties may rely on information that Plaintiff desires to be kept confidential, such as academic and/or performance records of Plaintiff, nursing and health records of Plaintiff, medical information of Plaintiff,

psychoeducational evaluations of Plaintiff, Los Angeles Sheriff Department's investigative records/information pertaining to the subject incident, and individualized education plans of Plaintiff. Plaintiff alleges that Plaintiff may be harmed if no protective order is entered to shield against the dissemination of the information that Plaintiff deems to be private, confidential information.

## 2. DEFINITIONS

1.1 Action: The above-titled lawsuit, *L.L., by and through her guardian ad litem, D.L. v. Keppel Union School District, et al*., Central District of California Case No. 2:20-CV-06990-DMG-JPR.

1.2 Challenging Party: A Party or Non-Party that challenges the designation of information or items under this Order.

1.3 "CONFIDENTIAL" Information or Items: Information (regardless of how it is generated, stored or maintained) or tangible things that qualify for protection under Federal Rule of Civil Procedure 26(c), and as specified above in the Good Cause Statement.

1.4 Counsel: Outside Counsel of Record and House Counsel (as well as their support staff).

1.5 Designating Party: A Party or Non-Party that designates information or items that it produces in disclosures or in responses to discovery as "CONFIDENTIAL."

1.6 Disclosure or Discovery Material: All items or information, regardless of the medium or manner in which it is generated, stored, or maintained (including, among other things, testimony, transcripts, and tangible things), that are produced or generated in disclosures or responses to discovery in this matter.

1.7 Expert: A person with specialized knowledge or experience in a matter pertinent to the litigation who has been retained by a Party or its counsel to serve as an expert witness or as a consultant in this Action.

1.8 House Counsel: Attorneys who are employees of a Party to this Action. House Counsel does not include Outside Counsel of Record or any other outside counsel.

1.9 Nonparty: Any natural person, partnership, corporation, association, or other legal entity not named as a Party to this action.

1.10 Outside Counsel of Record: Attorneys who are not employees of a party to this Action but are retained to represent or advise a party to this Action and have appeared in this Action on behalf of that party or are affiliated with a law firm that has appeared on behalf of that party and includes support staff.

1.11 Party: Any party to this Action, including all of its officers, directors, employees, consultants, retained experts, and Outside Counsel of Record (and their support staffs).

1.12 Producing Party: A Party or Nonparty that produces Disclosure or Discovery Material in this Action.

1.13 Professional Vendors: Persons or entities that provide litigation support services (e.g., photocopying, videotaping, translating, preparing exhibits or demonstrations, and organizing, storing, or retrieving data in any form or medium) and their employees and subcontractors.

1.14 Protected Material: Any Disclosure or Discovery Material that is designated as "CONFIDENTIAL."

1.15 Receiving Party: A Party that receives Disclosure or Discovery Material from a Producing Party.

3. SCOPE

The protections conferred by this Stipulation and Order cover not only Protected Material (as defined above), but also (1) any information copied or extracted from Protected Material; (2) all copies, excerpts, summaries, or compilations of Protected Material; and (3) any testimony, conversations, or presentations by Parties or their Counsel that might reveal Protected Material.

Any use of Protected Material at trial shall be governed by the orders of the trial judge. This Order does not govern the use of Protected Material at trial. The Parties agree to discuss as part of their pre-trial meet and confer obligations whether any protections are needed for documents or information at trial. Such discussions should be initiated by the Designating Party.

4. DURATION

Even after final disposition of this litigation, this Order's confidentiality obligations shall remain in effect until a Designating Party agrees otherwise in writing or a court order otherwise directs. Final disposition shall be deemed to be the later of (1) dismissal of all claims and defenses in this Action, with or without prejudice; or (2) final judgment herein after the completion and exhaustion of all appeals, re-hearings, remands, trials, or reviews of this Action, including the time limits for filing any motions or applications for extension of time pursuant to applicable law. An exception to this is with respect to items, including but not limited to student records, which the District is required to disclose in the ordinary course of its operations, such as when Plaintiff may change schools, which would require the District to send her cumulative file with her student records to her new school per the California Education Code. Nothing in this Stipulation and Order is meant to preclude the District from disclosing such items that it is required to disclose per the California Education Code, the Family Educational Rights and Privacy Act, and/or pursuant to the California Child Abuse and Neglect Reporting Act.

5. DESIGNATING PROTECTED MATERIAL

5.1 Exercise of Restraint and Care in Designating Material for Protection. Each Party or Nonparty that designates information or items for protection under this Order must take care to limit any such designation to specific material that qualifies under the appropriate standards. The Designating Party must designate for protection only those parts of material, documents, items, or oral or written communications

that qualify so that other portions of the material, documents, items, or communications for which protection is not warranted are not swept unjustifiably within the ambit of this Order.

Mass, indiscriminate, or routinized designations are prohibited. Designations that are shown to be clearly unjustified or that have been made for an improper purpose (for example, to unnecessarily encumber the case-development process or to impose unnecessary expenses and burdens on other parties) may expose the Designating Party to sanctions.

If it comes to a Designating Party's attention that information or items that it designated for protection do not qualify for that level of protection, then that Designating Party must promptly notify all other Parties that it is withdrawing the inapplicable designation.

5.2 <u>Manner and Timing of Designations.</u> Except as otherwise provided in this Order or as otherwise stipulated or ordered, Disclosure or Discovery Material that qualifies for protection under this Order must be clearly so designated before the material is disclosed or produced.

Designation in conformity with this Order requires:

(a) for information in documentary form (e.g., paper or electronic documents, but excluding transcripts of depositions or other pretrial or trial proceedings), the Producing Party affix at a minimum, the legend "CONFIDENTIAL" to each page that contains Protected Material. If only a portion or portions of the material on a page qualifies for protection, the Producing Party must clearly identify the protected portion(s) (e.g., by making appropriate markings in the margins).

A Party or Nonparty that makes original documents available for inspection need not designate them for protection until after the inspecting Party has indicated which documents it would like copied and produced. During the inspection and before the designation, all of the material made available for inspection must be treated as "CONFIDENTIAL." After the inspecting Party has identified the

documents it wants copied and produced, the Producing Party must determine which documents, or portions thereof, qualify for protection under this Order. Then, before producing the specified documents, the Producing Party must affix the "CONFIDENTIAL" legend to each page that contains Protected Material. If only a portion or portions of the material on a page qualifies for protection, the Producing Party also must clearly identify the protected portion(s) (*e.g.*, by making appropriate markings in the margins).

    (b) for testimony given in depositions, the Designating Party must identify the Disclosure or Discovery Material that is protected on the record, before the close of the deposition.

    (c) for information produced in some form other than documentary and for any other tangible items, the Producing Party affix in a prominent place on the exterior of the container or containers in which the information is stored the legend "CONFIDENTIAL." If only a portion or portions of the information warrants protection, the Producing Party, to the extent practicable, shall identify the protected portion(s).

    5.3 <u>Inadvertent Failures to Designate.</u> If timely corrected, an inadvertent failure to designate qualified information or items does not, standing alone, waive the Designating Party's right to secure protection under this Order for such material. On timely correction of a designation, the Receiving Party must make reasonable efforts to assure that the material is treated in accordance with the provisions of this Order. Either party shall be entitled to correct an inadvertent failure to designate as CONFIDENTIAL up to 45 days after disclosure of the qualified information or material (or in the case of material disclose in a deposition transcript or in exhibits thereto, up to 45 days after the receipt of the transcript). Upon timely correction of a designation, the Receiving Party must make reasonable efforts to assure that the material is treated in accordance with the provisions of this Order. No liability shall

be created against a Party or Counsel or General Counsel for a Party for any inadvertent disclosure of CONFIDENTIAL Information, documents, or testimony.

6. CHALLENGING CONFIDENTIALITY DESIGNATIONS

6.1 Timing of Challenges. Any Party or Nonparty may challenge a designation of confidentiality at any time that is consistent with the Court's Scheduling Order.

6.2 Meet and Confer. The Challenging Party shall initiate the dispute resolution process (and, if necessary, file a discovery motion) under Local Rule 37.

6.3 The burden of persuasion in any such challenge proceeding shall be on the Designating Party. Frivolous challenges, and those made for an improper purpose (for example, to harass or impose unnecessary expenses and burdens on other parties), may expose the Challenging Party to sanctions. Unless the Designating Party has waived or withdrawn the confidentiality designation, all Parties shall continue to afford the material in question the level of protection to which it is entitled under the Producing Party's designation until the Court rules on the challenge.

7. ACCESS TO AND USE OF PROTECTED MATERIAL

7.1 Basic Principles. A Designating Party or Receiving Party may use Protected Material that is disclosed or produced by another Party or by a Nonparty in connection with this Action only for prosecuting, defending, attempting to settle this Action, or in documents necessary to settle or dismiss the Action. Such Protected Material may be disclosed only to the categories of persons and under the conditions described in this Order. When the Action has been terminated, a Receiving Party must comply with the provisions of section 13 below (FINAL DISPOSITION).

Protected Material must be stored and maintained by a Receiving Party at a location and in a secure manner that ensures that access is limited to the persons authorized under this Order.

An exception to this is that, to the extent that Plaintiff may mark as "CONFIDENTIAL" student records or other records maintained by the District in

the ordinary course of its operations, the District will not be precluded or otherwise restricted in its ordinary business use of said materials.

       7.2 <u>Disclosure of CONFIDENTIAL Information or Items.</u> Unless otherwise ordered by the Court or permitted in writing by the Designating Party, a Designating Party or Receiving Party may disclose any information or item designated "CONFIDENTIAL" only to:

       (a) the Designating Party or Receiving Party's Outside Counsel of Record in this Action, as well as employees of said Outside Counsel of Record to whom it is reasonably necessary to disclose the information for this Action;

       (b) the officers, directors, and employees (including House Counsel) of the Designating Party or Receiving Party to whom disclosure is reasonably necessary for this Action;

       (c) Experts (as defined in this Order) of the Receiving Party to whom disclosure is reasonably necessary for this Action and who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A);

       (d) the Court and its personnel;

       (e) court reporters and their staff;

       (f) professional jury or trial consultants, mock jurors, and Professional Vendors to whom disclosure is reasonably necessary for this Action and who have signed Exhibit A;

       (g) the author or recipient of a document containing the information or a custodian or other person who otherwise possessed or knew the information;

       (h) during their depositions, witnesses and attorneys for witnesses to whom disclosure is reasonably necessary, provided that: (1) the deposing party requests that the witness sign the form attached as Exhibit A hereto; and (2) the witness will not be permitted to keep any confidential information unless they sign Exhibit A, unless otherwise agreed by the Designating Party or ordered by the Court. Pages of transcribed deposition testimony or exhibits to depositions that reveal Protected

Material may be separately bound by the court reporter and may not be disclosed to anyone except as permitted under this Stipulated Protective Order;

(i) any mediator or settlement officer, and their supporting personnel, mutually agreed upon by any of the parties engaged in settlement discussions or appointed by the Court; and

(j) to the extent that Plaintiff may mark as "CONFIDENTIAL" student records or other records maintained by the District in the ordinary course of its operations, the District will not be precluded or otherwise restricted in its ordinary business use of said materials which may be disclosed where allowed by law, including, but not limited to, the California Education Code and the Family Educational Rights and Privacy Act.

8. <u>PROTECTED MATERIAL SUBPOENAED OR ORDERED PRODUCED IN OTHER LITIGATION</u>

If a Party is served with a subpoena or a court order issued in other litigation that compels disclosure of any information or items designated in this Action as "CONFIDENTIAL," that Party must:

(a) promptly notify in writing the Designating Party. Such notification shall include a copy of the subpoena or court order unless prohibited by law;

(b) promptly notify in writing the party who caused the subpoena or order to issue in the other litigation that some or all of the material covered by the subpoena or order is subject to this Protective Order. Such notification shall include a copy of this Stipulated Protective Order; and

(c) cooperate with respect to all reasonable procedures sought to be pursued by the Designating Party whose Protected Material may be affected.

If the Designating Party timely seeks a protective order, the Party served with the subpoena or court order shall not produce any information designated in this action as "CONFIDENTIAL" before a determination on the protective-order request

by the relevant court unless the Party has obtained the Designating Party's permission. The Designating Party shall bear the burden and expense of seeking protection of its Confidential Material and nothing in these provisions should be construed as authorizing or encouraging a Receiving Party in this Action to disobey a lawful directive from another court.

An exception to this is that, to the extent that Plaintiff may mark as "CONFIDENTIAL" student records or other records maintained by the District in the ordinary course of its operations, the District will not be precluded or otherwise restricted in its ordinary business use of said materials. This section shall not operate to require the District to disclose to Plaintiff a subpoena received in connection with a criminal proceeding, juvenile proceeding, or other proceeding pursuant to the Child Abuse and Neglect Reporting Act or other similar proceeding. This section shall not operate to require the District to disclose to Plaintiff a request made by another school district or other party authorized to request and/or receive information as allowed by California Education Code §§ 49073, et seq. and/or the Family Educational Rights and Privacy Act.

9. <u>A NON-PARTY'S PROTECTED MATERIAL SOUGHT TO BE PRODUCED IN THIS LITIGATION</u>

(a) The terms of this Order are applicable to information produced by a Nonparty in this Action and designated as "CONFIDENTIAL." Such information is protected by the remedies and relief provided by this Order. Nothing in these provisions should be construed as prohibiting a Nonparty from seeking additional protections.

(b) In the event that a Party is required, by a valid discovery request, to produce a Nonparty's Confidential Information in its possession, and the Party is subject to an agreement with the Nonparty not to produce the Nonparty's Confidential Information, then the Party may:

        (1) promptly notify in writing the Requesting Party and the Nonparty that some or all of the information requested is subject to a confidentiality agreement with a Nonparty;

        (2) promptly provide the Nonparty with a copy of this Order, the relevant discovery request(s), and a reasonably specific description of the information requested; and

        (3) make the information requested available for inspection by the Nonparty, if requested.

(c) If the Nonparty fails to seek a protective order from this court within 21 days of receiving the notice and accompanying information, the Receiving Party may produce the Nonparty's Confidential Information responsive to the discovery request unless some other protections apply to warrant nondisclosure of said information. If the Nonparty timely seeks a protective order, the Receiving Party shall not produce any information in its possession or control that is subject to the confidentiality agreement with the Nonparty before a determination by the court. Absent a court order to the contrary, the Nonparty shall bear the burden and expense of seeking protection in this court of its Protected Material, unless such Protected Material consists of materials that a Party is required to keep confidential by operation of law, including, but not limited to, as set forth in the California Education Code and/or the Family Educational Rights and Privacy Act. In such a situation, the burden and expense is on the Party seeking such materials to present the issue to the Court.

(d) Nothing in these provisions should be construed as requiring or permitting disclosure of information pertaining to a Nonparty that a Party is required to keep confidential by operation of law, including, but not limited to, as set forth in the California Education Code and/or the Family Educational Rights and Privacy Act.

10. <u>UNAUTHORIZED DISCLOSURE OF PROTECTED MATERIAL</u>

If a Receiving Party learns that, by inadvertence or otherwise, it has disclosed Protected Material to any person or in any circumstance not authorized under this

Stipulated Protective Order, the Receiving Party must immediately (a) notify in writing the Designating Party of the unauthorized disclosures, (b) use its best efforts to retrieve all unauthorized copies of the Protected Material, (c) inform the person or persons to whom unauthorized disclosures were made of all the terms of this Order, and (d) request such person or persons to execute the "Acknowledgment and Agreement to Be Bound" that is attached hereto as Exhibit A. This Order shall not operate to create liability against a Party or Counsel or House Counsel for a Party for any inadvertent disclosure of CONFIDENTIAL Information, documents, or testimony.

11. <u>INADVERTENT PRODUCTION OF PRIVILEGED OR OTHERWISE PROTECTED MATERIAL</u>

When a Producing Party gives notice to Receiving Parties that certain inadvertently produced material is subject to a claim of privilege or other protection, the obligations of the Receiving Parties are those set forth in Federal Rule of Civil Procedure 26(b)(5)(B). No liability shall be created against a Party or Counsel or General Counsel for a Party for any inadvertent disclosure of CONFIDENTIAL Information, documents, or testimony.

12. <u>MISCELLANEOUS</u>

12.1 <u>Right to Further Relief.</u> Nothing in this Order abridges the right of any person to seek the Court's modification of this Order in the future.

12.2 <u>Right to Assert Other Objections.</u> By stipulating to the entry of this Order, no Party waives any right it otherwise would have to object to disclosing or producing any information or item on any ground not addressed in this Order. Similarly, no Party waives any right to object on any ground to use in evidence of any of the material covered by this Order, including without limitation, at deposition, any hearing or proceeding in this Action, or trial.

12.3 <u>Filing Protected Material.</u> A Party that seeks to file under seal any Protected Material must comply with Civil Local Rule 79-5. Protected Material may only be filed under seal pursuant to a court order authorizing the sealing of the specific Protected Material at issue. If the Court denies a Party's request to file Protected Material under seal, then the Receiving Party may file the information in the public record unless the Court instructs otherwise.

13. <u>FINAL DISPOSITION</u>

After the final disposition of this Action, as defined in paragraph 4, within 60 days of a written request by the Designating Party, each Receiving Party must return all Protected Material to the Producing Party or destroy such material, with the exception of any such materials that the District may be required to retain by operation of law, including, but not limited to, as set forth in the California Education Code and the Family Educational Rights and Privacy Act. As used in this subdivision, "all Protected Material" includes all copies, abstracts, compilations, summaries, and any other format reproducing or capturing any of the Protected Material, except such abstracts or summaries that are protected attorney work product and except of any such materials that the District may be required to retain by operation of law, including, but not limited to, as set forth in the California Education Code and the Family Educational Rights and Privacy Act.. Whether the Protected Material is returned or destroyed, the Receiving Party must submit a written certification to the Producing Party (and, if not the same person or entity, to the Designating Party) by the 60 day deadline that (1) identifies (by category, where appropriate) all the Protected Material that was returned or destroyed and (2) affirms that the Receiving Party has not retained any copies, abstracts, compilations, summaries or any other format reproducing or capturing any of the Protected Material, with the exception of any such materials that the District may be required to retain by operation of law, including, but not limited to, as set forth in the California Education Code and the Family Educational Rights and Privacy Act.

Notwithstanding this provision, Counsel are entitled to retain an archival copy of all pleadings, motion papers, trial, deposition, and hearing transcripts, legal memoranda, correspondence, deposition and trial exhibits, expert reports, attorney work product, and consultant and expert work product, even if such materials contain Protected Material. Any such archival copies that contain or constitute Protected Material remain subject to this Protective Order as set forth in Section 4 (DURATION).

14. SANCTIONS

Any willful violation of this Order may be punished by civil or criminal contempt, financial or evidentiary sanctions, reference to disciplinary authorities, or other appropriate action at the discretion of the Court.

**IT IS SO STIPULATED, THROUGH COUNSEL OF RECORD.**

Dated: July 19, 2021         RIVERS LAW, INC., APC

By:/s/Surisa Rivers

Surisa Rivers
Caroleen Torossian
Attorneys for Plaintiff


DATED:   July 16, 2021        McCUNE & HARBER, LLP

By:/s/ Amy A. Evenstad

STEPHEN M. HARBER, ESQ
AMY A. EVENSTAD, ESQ
Attorneys for Defendants, KEPPEL UNION SCHOOL DISTRICT, JAQUELINE A. CARDENAS and ANGELA HEITMAN

**FOR GOOD CAUSE SHOWN, IT IS SO ORDERED.**

DATED: July 26, 2021

_____
UNITED STATES MAGISTRATE JUDGE
JEAN P. ROSENBLUTH

# EXHIBIT A
## ACKNOWLEDGMENT AND AGREEMENT TO BE BOUND

I, _____ [print or type full name], of _____ [print or type full address], declare under penalty of perjury that I have read in its entirety and understand the Stipulated Protective Order that was issued by the United States District Court for the Central District of California on _____ in the case of *L.L., by and through her guardian ad litem, D.L. v. Keppel Union School District, et al.*, Central District of California Case No. 2:20-CV-06990-DMG-JPR. I agree to comply with and to be bound by all the terms of this Stipulated Protective Order and I understand and acknowledge that failure to so comply could expose me to sanctions and punishment in the nature of contempt. I solemnly promise that I will not disclose in any manner any information or item that is subject to this Stipulated Protective Order to any person or entity except in strict compliance with the provisions of this Order. I further agree to submit to the jurisdiction of the United States District Court for the Central District of California for the purpose of enforcing the terms of this Stipulated Protective Order, even if such enforcement proceedings occur after termination of this action. I hereby appoint _____ [print or type full name] of _____ [print or type full address and telephone number] as my California agent for service of process in connection with this action or any proceedings related to enforcement of this Stipulated Protective Order.

Date: _____

City and State where sworn and signed: _____

Printed name: _____

Signature: _____