O. JS-6

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| L.L., a minor, by and through her guardian ad litem, D.L.,<br><br>Plaintiff,<br><br>v.<br><br>KEPPEL UNION SCHOOL DISTRICT, et al,<br><br>Defendants. | Case No.: 2:20-cv-06990-MEMF-(JPRx)<br><br>**ORDER GRANTING PLAINTIFF'S MOTION FOR SETTLEMENT APPROVAL [ECF NO. 70]** |

Before the Court is the unopposed Motion for Settlement Approval of a Pending Action for a Disabled Minor filed by Plaintiff L.L. ECF No. 70. For the reasons stated herein, the Court hereby GRANTS the Motion.

///

///

1

## I. Factual Background[1]

Plaintiff L.L. ("L.L") is a nine-year-old African-American girl, who resides with her grandmother and guardian, D.L., in Littlerock, California, which is located within Los Angeles County. SAC ¶¶ 1, 9. At all times relevant herein, L.L. has been, and continues to be, a minor. *Id.* L.L. has a diagnosis of a deformity of the foot, causing her to walk on the toes and outer side of the sole. *Id.* ¶ 9. In the past, she has used wheelchairs or walkers to stabilize her mobility. *Id.*

Keppel Union School District (the "District" or "KUSD") is a public school district organized and existing under the laws of the State of California, located within Los Angeles County. *Id.* ¶ 5.

L.L. attended school within KUSD since kindergarten during the 2016–2017 school year. *Id.* ¶ 10. During her time as a student, L.L. missed much of the school year due to medical issues. *Id.* ¶¶ 10–11. Due to her absences, L.L. fell behind academically. *Id.* ¶ 11. Despite KUSD's awareness of L.L.'s disability, the District failed to evaluate L.L. or provide her reasonable accommodations to allow her equal access to her education. *Id.*

For the next several years, the District continually failed to take appropriate actions relating to L.L.'s disability-related needs. *Id.* ¶ 15. As a result, L.L. experienced consistent derogatory comments and teasing by other students relating to walking on her toes and her leg braces, which caused her shame and humiliation. *Id.* The verbal abuse escalated to physical abuse at school. *Id.* ¶ 16. Despite D.L. reporting the bullying to the school administration and teachers, school personnel took no reasonable steps to stop the bullying/disability-related discrimination or to ensure that L.L. was not subject to a hostile learning environment. *Id.* ¶ 18.

## II. Procedural History

On August 3, 2020, L.L. filed a complaint against Defendants KUSD, Jaqueline A. Cardena ("Cardena"), and Angela Heitman ("Heitman") (collectively, the "Defendants"). ECF No. 1. On October 13, 2020, L.L. filed an amended complaint. ECF No. 19. On January 8, 2021, L.L. filed a

---

[1] Unless otherwise indicated, the following factual background is derived from the Second Amended Complaint, ECF No. 26 ("SAC").

Second Amended Complaint. *See generally* SAC. Soon after, the Defendants moved to dismiss portions of the SAC pursuant to Federal Rule of Civil Procedure 12(b)(6). ECF No. 29 ("MTD"). On July 27, 2021, the Motion to Dismiss was granted in part and denied in part. ECF No. 45. Specifically, the Honorable Dolly M. Gee dismissed L.L's Section 1983 claim against Heitman for violation of equal protection, violation of due process based on conduct other than corporal punishment, and the Unruh Act claim against all Defendants. *Id.* The negligence and negligent supervision claims against the District were dismissed with leave to amend, while the Section 1983 claim against Heitman for violation of due process for corporal punishment, and all other claims not subject to the Motion to Dismiss were given leave to proceed. *Id.*

On February 10, 2022, pursuant to an Order of the Chief Judge, this case was reassigned from Judge Gee to the instant Court. ECF No. 55.

On July 27, 2022, L.L. filed a Third Amended Complaint, alleging: (1) violation of the Americans With Disabilities Act of 1990, 42 U.S.C. § 12101, *et. Seq.*; (2) violation of Section 504 of the Rehabilitation Act of 1973, 29 U.S.C. § 794, *et. Seq.*; (3) violation of due process, 42 U.S.C. § 1983; (4) battery; (5) assault; (6) intentional infliction of emotional distress; (7) negligence; (8) negligent supervision; and (9) violation of the California Disabled Persons Act, CAL. CIV. CODE § 54. *See generally* ECF No. 69 ("TAC"). L.L. requested the following relief: (1) a finding that Defendants violated L.L.'s rights under the asserted claims; (2) general damages to compensate L.L. for emotional distress, pain, and suffering according to proof, including but not limited to damages under CAL. CIV. CODE §54 and all applicable statutory damages, and for any other such damages as may be allowed under all state laws; (3) interest, including prejudgment interest, at the prevailing legal rate; (4) punitive damages (against individual Defendant HEITMAN only); (5) L.L.'s reasonable attorneys' fees; (6) costs of suit incurred herein; and (7) such other and further relief as the Court deems just and proper. TAC at Prayer.

On September 22, 2022, L.L. filed the instant unopposed Motion for Approval of Compromise of a Pending action for a Disabled Minor. ECF No. 70 ("Motion" or "Mot."). On November 8, 2022, the Court deemed this matter appropriate for resolution without oral argument and vacated the hearing set for November 17, 2022. ECF No. 74; *see* C.D. Cal. L.R. 7-15.

### III.  Applicable Law

Under the Federal Rule of Civil Procedure 17(c), districts courts have a duty "to safeguard the interests of litigants who are disabled." *Robidoux v. Rosengren*, 638 F.3d 1177, 1181 (9th Cir. 2011). Rule 17(c) provides, in relevant part, that "[t]he court must appoint a guardian ad litem—or issue another appropriate order—to protect a minor or incompetent person who is unrepresented in an action." FED. R. CIV. P. 17(C)(2). "In the context of proposed settlements in suits involving minor plaintiffs, this special duty requires a district court to conduct its own inquiry to determine whether the settlement serves the best interests of the minor." *Robidoux*, 638 F.3d at 1181 (internal quotation marks omitted); *see also Salmeron v. United States*, 724 F.2d 1357, 1363 (9th Cir. 1983) (holding that "a court must independently investigate and evaluate any compromise or settlement of a minor's claims to assure itself that the minor's interests are protected, even if the settlement has been recommended or negotiated by the minor's parent or guardian ad litem"). The Court's inquiry must be focused on whether "the net amount distributed to [the] minor plaintiff in the settlement is fair and reasonable, in light of the facts of the case, the minor's specific claim, and recovery in similar cases." *Robidoux*, 638 F.3d at 1181–82. "If the net recovery of each minor plaintiff under the proposed settlement is fair and reasonable, the district court should approve the settlement as proposed."[2] *Id.* at 1179.

Central District of California Local Rule 17-1 *et seq.* dictates that claims involving a minor can only be settled by leave of court. It also provides that a district court is bound to the standards of California Code of Civil Procedure section 372 and California Rule of Court 3.1384 when evaluating a proposed settlement. The Court must also abide by California Probation Code section 3600 *et seq.* as to the proposed allocation and disbursement of settlement proceeds. California Probation Code

---

[2] It should also be noted that the *Robidoux* ruling does "not express a view on the proper approach for a federal court to use when sitting in diversity and approving the settlement of a minor's state law claims" and is thus limited to settlement agreements in the context of federal claims. 638 F.3d at 1139 n.2. That being said, district courts routinely find the *Robidoux* standard applicable where, as here, the court has federal question jurisdiction and is exercising supplemental jurisdiction over the state law claims. *See, e.g.*, *Williams v. Dumaguindin*, No. 220CV09042VAPASX, 2021 WL 8363237, at *1 n.1 (C.D. Cal. Dec. 23, 2021); *Frary v. County of Marin*, No. 12-CV-03928-MEJ, 2015 WL 575818, at *2 (N.D. Cal. Feb. 10, 2015); *J.G. v. City of Arvin*, No. 120CV00941JLTCDB, 2022 WL 17547525, at *2 (E.D. Cal. Dec. 9, 2022). The Court therefore applies the *Robidoux* standard here.

section 3601 requires court approval of the payment of attorneys' fees and costs. Under California law, a reviewing court is to evaluate the reasonableness of the settlement amount and terms to determine whether the compromise is in the best interests of the minor. *See Pearson v. Superior Court*, 136 Cal. Rptr. 3d 455, 457–58 (2012); *Espericueta v. Shewry*, 79 Cal.Rptr.3d 517, 526 (2008).

## IV. Discussion

The settlement agreement requests a total of $75,000, with the majority of the amount provided to L.L. and the remainder designated as attorneys' fees and costs.[3]

### A. Settlement of L.L.'s claims is reasonable.

The settlement provides for a total of $75,000. Mot. at 10. Of this amount, $67,577—roughly 90 percent—will be provided to L.L. *Id.* The Court, viewing the amount "in light of the facts of the case, [L.L's] specific claim, and recovery in similar cases," finds the settlement reasonable. *Robidoux*, 638 F.3d at 1181–82. *See V.A. v. Montebello Unified Sch. Dist.*, No. LACV1904645JAKKSX, 2020 WL 12586072, at *2 (C.D. Cal. Sept. 17, 2020) (approving a settlement amount of $30,000 placed in a blocked account where the minor plaintiff alleged violations of the ADA against his school district); *J.S. v. Santa Clara Cnty. Off. of Educ.*, No. 19-CV-06668-VKD, 2019 WL 7020321, at *2 (N.D. Cal. Dec. 20, 2019) (approving a settlement amount of $12,500—or 58 percent of the settlement amount—on similar claims); *Colbey T. v. Mt. Diablo Unified Sch. Dist.*, No. C 11-03108 LB, 2012 WL 1595046, at *2 (N.D. Cal. May 4, 2012) (approving a settlement amount of $28,650—or 98.8 percent of the total settlement amount— on similar claims).

Moreover, the settlement appears to have been completed after thorough investigation and been influenced by arms' length negotiations completed by experienced counsel. The parties engaged in discovery, during which they exchanged documents and plaintiff's counsel completed one deposition. Declaration of Surisa Rivers, ECF No. 70-2, ("Rivers Declaration" or "Rivers

---

[3] Although the Motion only refers to "costs," the Declaration of Surisa Rivers, ECF No. 70-2, and the Summary of Costs—attached as Exhibit B to the Rivers Declaration—make it clear that this amount refers to both attorneys' fees *and* costs.

Decl.") ¶ 13. On July 14, 2022, the parties engaged in arm's length negotiations through a neutral mediator. *Id.* ¶ 14. Although the mediation was unsuccessful, L.L. contends that the parties continued to diligently work towards a resolution and ultimately agreed to settle only a few days later. *Id.* Accordingly, the Court finds that the net settlement payment to L.L. is fair, reasonable, and in her best interests.

### B.  The Attorneys' Fees are reasonable.

Central District Local Rule 17-1.4 requires the Court to fix the amount of attorneys' fees in any case involving a minor. L.L.'s counsel requests $7,423—roughly 10 percent of the total settlement amount. Rivers Decl. ¶ 32. This amount is a "substantial discount" on the attorneys' fees accrued in this action which, as described by Plaintiff's Counsel, are approximately $50,000. *Id.* ¶ 33; *see also* Ex. B, ECF No. 70-2 ("Summary of Costs"). Under these circumstances, the Court finds the attorneys' fee amount reasonable.

The Court thus finds approval of the settlement appropriate.

### C.  There is no need for the settlement proceeds to be placed in a trust.

This Court has discretion, pursuant to California Probate Code § 3602(c)(2), to order L.L.'s portion of the settlement to be held on such conditions as in the best interest of L.L. Here, L.L. has been represented by D.L., who resides with L.L. and is fully responsible for her care. As good cause is shown, there is no need nor requirement that her settlement proceeds be placed in a special need or another trust instrument.

## V.    Conclusion

For the foregoing reasons, the Court hereby GRANTS the Motion. The Court further ORDERS that the proceeds of the settlement be paid or delivered to a blocked account, without bond or creation of trust.

**IT IS SO ORDERED**.

Dated: March 20, 2023

_____
MAAME EWUSI-MENSAH FRIMPONG
United States District Judge